**Opinion issued July 26, 2012.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-11-00947-CV**

————————————

**CARROLL SALLEY, Appellant**

**V.**

**ASSOCIATION FOR THE DEVELOPMENT OF ACADEMIC EXCELLENCE, D/B/A/ GIRLS AND BOYS PREPARATORY ACADEMY, Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 0913508**

---

## MEMORANDUM OPINION

This case arises from a dispute over the membership of a board of directors of a not-for-profit corporation that operates a state-chartered, open-enrollment school. Carroll Salley appeals from the trial court's summary judgment in favor of

the Association for the Development of Academic Excellence d/b/a Girls and Boys Preparatory Academy. Salley contends that the trial court erred in granting summary judgment because (1) the legal status of the board and the eligibility of board members is governed by the Texas Non-Profit Corporation Act (TNPCA), not the Texas Education Code, (2) the trial court lacked the authority to "remove" putative board members—Salley and three of her relatives—under the Texas Administrative Code for violations of the nepotism provision, and (3) quasi-estoppel does not bar her claim for declaratory relief. We affirm the judgment as modified.

## Background

In 1995, Salley incorporated the Association for the Development of Academic Excellence (the ADAE) as a Texas non-profit corporation. In 1996, the ADAE applied for and was granted a charter, under Chapter 12 of the Texas Education Code, to establish an open-enrollment charter school in Harris County called The Girls and Boys Preparatory Academy (Girls and Boys Prep). *See* TEX. EDUC. CODE ANN. § 12.101(a)(3) (West 2006) (authorizing State to grant charters to non-profit corporations). The school opened its doors later that year, and Salley served as its first superintendent. She continued to serve as superintendent until 2006, when she retired.

2

The Education Code recognizes that charter schools may be governed by the governing body of the charter holder, if that body acts as the governing body of the open-enrollment charter school. TEX. EDUC. CODE ANN. § 12.1012(3) (West Supp. 2011) (defining "governing body" of open-enrollment charter school). A charter school may also be governed by its own board of directors—an entity separate from the governing body of the charter holder. *Id.* Although the ADAE wrote a letter to the State Board of Education seeking to establish a separate board to conduct Girls and Boys Prep's affairs, the record does not reveal that the ADAE ever established such a board.

The Girls and Boys School is governed by the board of directors of its charter holder, the ADAE. After Girls and Boys Prep opened, the ADAE amended its by-laws to provide that the ADAE would conduct operations under the name The Girls and Boys Preparatory Academy.[1] The ADAE's by-laws specifically provide that the ADAE's board of directors governs Girls and Boys Prep's affairs.

The ADAE's by-laws provide that the board of directors shall consist of a minimum of three members. Each board member serves a term of three years, with one-third of the board standing for election each year. A director is elected by "a majority of the members then serving on the board of directors." The by-laws

---

[1] The ADAE also filed an assumed name certificate with the Secretary of State, which provides that the ADAE operates under the name The Girls and Boys Preparatory Academy.

allow for a director's removal for cause and after notice and hearing by the affirmative vote of two-thirds of the board.

Salley testified the first board of directors consisted of herself, Alfonso Salley (her husband), Kimya Deramus-McKinney (her daughter), Sarah Wallace (an aunt), and Aisha Al-Hamid. No document records the voting or election of the ADAE's board of directors; the ADAE did not preserve any meeting minutes. It is Salley's contention that this board (the Salley board)—with the exclusion of Al-Hamid—is the duly constituted ADAE board, and that it has never been replaced. Aisha Al-Hamid has since left the United States. The parties do not dispute the fact that she is no longer on the board of directors of the ADAE. According to Salley, the board consists solely of the aforementioned members; no other directors participate on the board.

In contrast, the annual governance forms on file with the State Board of Education list the following persons as members of the ADAE's board of directors for the corresponding years:

- 2000-2001: Azelia Badruddin, Ru'Than Gyamfi, Earl Harbin, Gideon Obadan, Carroll Salley
- 2001-2002: Gideon Obadan, Earl Harbin
- 2003-2004: Carroll Salley, Gideon Obadan, Ruth Ann Gyamfi
- 2004-2005: Gideon Obadan, Ruth Ann Gyamfi, Earl Harbin, Cassandra Madison
- 2005-2006: Gideon Obadan, Ruth Gyamfi, Rodwan Saleh, Dr. Jean Morecny, Cassandra Madison-Ali
- 2006-2007: Jean Morency, Cassandra Ali, Gideon Obadan

4

- 2007-2008: Gideon Obadan, Cassandra Ali, Jean Morency
- 2008-2009: Gideon Obadan, Cassandra Madison, Dr. Jean Morency

Salley signed six of the governance forms—2000, 2001, 2003, 2004, 2005, and 2007—in her role as superintendent or CEO of Girls and Boys Prep.

In 2009, the ADAE sued Salley for trespass, claiming that she had attempted to interfere with board meetings and disrupted the daily operations of Girls and Boys Prep. Salley generally denied the claims and counterclaimed for fraud. She also contended that the ADAE's suit against her was frivolous, because she and various family members were members of the ADAE's board of directors.

In response, the ADAE amended its pleadings to include claims under the Uniform Declaratory Judgment Act (UDJA). The ADAE sought a declaratory judgment that (1) its board of directors consisted of Gideon Obodan, Dr. Jean Morency and Hythia Harris, (2) this board, the Obodan board, was the only board authorized to act on the ADAE's behalf, and, as a result, (3) the Salley board—Salley, Helen Wallace (an aunt), Kimya McKinney-Deramus (her daughter), and Alfonso Salley (her husband)—did not have authority to operate as the ADAE's board of directors. The ADAE also sought injunctive relief preventing Salley and her family members from contacting the ADAE during business hours, entering the school campus, and participating in ADAE board meetings, except as citizens subject to the board's rules governing citizen participation at meetings.

5

Salley counterclaimed for a declaratory judgment that the ADAE's board of directors consisted of herself, Helen Wallace (an aunt), Kimya McKinney-Deramus (her daughter), and Alfonso Salley (her husband). The ADAE denied Salley's counterclaims and pleaded the affirmative defense of quasi-estoppel.

In July 2010, the ADAE moved for partial summary judgment on the basis that Alfonso Salley was disqualified from serving on the board of ADAE as a matter of law, because he had previously been convicted of the felony offense of burglary. *See* TEX. EDUC. CODE ANN. § 12.120(a)(1) (West 2006) (disqualifying felons from serving on charter school board of directors). The trial court granted the motion and entered judgment that Alfonso Salley was not a member of the ADAE's board of directors. Alfonso Salley does not challenge this ruling on appeal.

In December 2010, the ADAE filed a second motion for partial summary judgment, asserting both traditional and no-evidence grounds. As traditional grounds, the ADAE contended that it had established its entitlement to a declaratory judgment and injunction, prohibiting the Salley board from operating as board of the ADAE, because undisputed evidence demonstrated that Salley sought to perpetuate a board composed entirely of family members within three degrees of consanguinity or within a prohibited degree of affinity, in violation of

the Texas Education Code as administered pursuant to Title 19 of the Texas Administrative Code. In support of its traditional summary judgment motion, the ADAE included copies of the ADAE's filings before the State Board of Education, excerpts of deposition testimony, Salley's application to Teacher Retirement Services, and Salley's employment contract. The ADAE's no evidence summary judgment motion contended that Salley had no evidence in support of her claim for attorney's fees. The motion also claimed that Salley had no evidence in support of each element of her claims under Chapter 12 of the Civil Practice and Remedies Code, which prohibits fraudulent filings before a court. Salley does not challenge any of the no-evidence summary judgment grounds on appeal.

In reply, Salley maintained that a fact issue existed as to whether Salley filed the alleged documents before the State Board of Education and whether the documents contained clerical errors. Salley also contended that the Education Code did not apply to prohibit her from perpetuating a board of directors, any quorum of which consists entirely of family members within three degrees of consanguinity.

The trial court granted summary judgment in favor of the ADAE. After the trial court rendered partial summary judgment, Salley moved for reconsideration of the trial court's interlocutory order. In her motion for reconsideration, Salley again claimed that the Education Code did not prohibit her from serving on the ADAE's

board of directors, as she contended it was constituted, along with three family members. And Salley contended that the trial court erred in removing her from her position on the board. In reply, the ADAE denied that the trial court had removed Salley from the ADAE board of directors and maintained that the board Salley sought to perpetuate—a board composed entirely of family members—could not conduct the affairs of the ADAE because any quorum of her board consisted of relatives within a prohibited degree of consanguinity.

Upon reconsideration, the trial court vacated its earlier summary judgment order and entered a new partial summary judgment order in favor of the ADAE. Its summary judgment order concluded that the Education Code governed the ADAE's corporate governance structure, that Salley, Alfonso "Latif" Salley, Kimya Deramus-McKinney, and Sarah Wallace are related within a prohibited degree of consanguinity or affinity such that they may not constitute a quorum of the governing body of the school under the Education Code and the Administrative Code, and that the ADAE established each element of its quasi-estoppel defense to Salley's counterclaim for declaratory judgment. The trial court's summary judgment order "removed [the members of the Salley board] from any position they hold or have held as members of the board of directors of the ADAE." And the trial court enjoined Salley, Alfonso "Latif" Salley, Kimya Deramus-McKinney, and Sarah Wallace from contacting the ADAE or Girls and Boys Prep during

8

business hours, entering the school campus without prior notice, and participating in board meetings beyond any involvement as a private citizen. Salley does not appeal the injunctive relief ordered, but only that part of the summary judgment entering declaratory judgment in favor of the ADAE.

The ADAE's third and final motion for partial summary judgment addressed a late filed counterclaim in which Salley sought an injunction and a declaratory judgment that the Obadan board was not the ADAE's board of directors. The ADAE moved for summary judgment on the same grounds on which it previously secured summary judgment rulings. The ADAE claimed that years of governance filings and Salley's application to Teacher Retirement Services estopped her from challenging the legitimacy of the Obadan board. The trial court granted summary judgment in favor of the ADAE. The ADAE non-suited its remaining trespass claims, finalizing the trial court's interlocutory summary judgment orders.

## Discussion

Open-enrollment charter schools operate by state charter. *See* TEX. EDUC. CODE ANN. § 12.112 (West 2006) (charter shall be in form of contract). A charter may be modified, placed on probation, revoked or denied renewal if the charter holder fails to comply with Chapter 12 of the Education Code. *Id.* § 12.115. The charter granted to the ADAE provides that it may be revoked for failure to comply with an applicable law.

9

In 1999, the legislature amended the Education Code to require open-enrollment charter schools to file annual governance reports with the State Board of Education. *See* TEX. EDUC. CODE ANN. § 12.119 (West Supp. 2011) (requiring annual reports). Section 12.119 provides that the reports shall contain "(1) the name, address, and telephone number of each officer and member of the governing body of the open-enrollment charter school; and (2) the amount of annual compensation the open-enrollment charter school pays to each officer and member of the governing body." *Id.*

## 1. Standard of Review

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Under the traditional standard for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant a judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

10

Traditional summary judgment is proper only if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## 2. *Texas Education Code and Board Nepotism*

Salley maintains that the trial court erred in granting a summary judgment declaring that Salley, her husband, her daughter, and an aunt were prohibited from acting as a quorum of the ADAE's board of directors. She contends that the trial court should have applied the Texas Non-Profit Corporation Act (TNPCA) instead of the Education Code to determine whether the Salley board was authorized to act as a quorum on behalf of the ADAE. Alternatively, Salley claims that an exception to the statutory prohibition against nepotism applies in this case. *See* TEX. EDUC. CODE ANN. § 12.1055(b) (West Supp. 2011); *see also* 19 TEX. ADMIN. CODE § 100.1111(b),(e) (West 2012).

The ADAE is a not-for-profit corporation organized under Texas law and qualifying under section 501(c)(3) of the Internal Revenue Code. *See* 26 U.S.C.

11

§ 501(c)(3) (2006). The TNCPA does not contain a prohibition against family members serving on a non-profit's board of directors. Nevertheless, the governing structure of the ADAE is subject to other applicable laws governing its formation and internal affairs.

In this case, the ADAE holds the charter to an open-enrollment charter school under Chapter 12 of the Education Code and serves as the school's governing board of directors. *See* TEX. EDUC. CODE ANN. § 12.101(a) (authorizing non-profit corporations to operate open-enrollment charter schools). In accepting a state charter to operate Girls and Boys Prep, the ADAE agreed to be governed by the Texas Education Code in addition to the TNPCA, because "open-enrollment charter schools . . . are subject to the 'specifically provided' provisions of and rules adopted under the Education Code." *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 77–78 (Tex. 2011); *see* TEX. EDUC. CODE ANN. §§ 12.103(a), 12.105 (West 2006). The ADAE is therefore subject to the restrictions set forth in the Texas Education Code, and its board of directors has no authority to operate Girls and Boys Prep outside of the educational mandate contained in the governing statutory framework, its articles of incorporation, and its charter. *See LTTS Charter Sch., Inc.*, 342 S.W.3d at 80.

The Education and Administrative Codes contain statutory prohibitions against nepotism. TEX. EDUC. CODE ANN. § 12.1055; 19 TEX. ADMIN. CODE

12

§ 100.1111(f). Section 12.1055 of the Education Code provides that "[a]n open-enrollment charter school is subject to a prohibition, restriction, or requirement, as applicable, imposed by state law or by a rule adopted under state law, relating to nepotism under Chapter 573 [of the Government Code]." TEX. EDUC. CODE ANN. § 12.1055(a). Some schools qualify for exemptions from certain prohibitions against nepotism, but notwithstanding any applicable exemption, "persons defined under Section 573.021-573.025, Government Code, shall not constitute a quorum of the governing body or any committee of the governing body." *Id.* § 12.1055(b). The administrative regulations enabling enforcement of section 12.1055 declare that, "[n]otwithstanding any other provision of this section, persons related to one another within the third degree by consanguinity or within the second degree by affinity, as determined under § 100.1113 of this title (relating to Relationships by Consanguinity or by Affinity), shall not constitute a quorum of the governing body or any committee of the governing body of the charter holder or charter school." 19 TEX. ADMIN. CODE § 100.1111(f).

Any possible quorum of Salley's proposed board of directors indisputably consists of persons within the prohibited degree of consanguinity or affinity, because the board members are Salley, her husband, her daughter, and an aunt. *See* TEX. GOV'T CODE ANN. § 573.021–.025 (West 2004); *see also* 19 TEX.

13

ADMIN. CODE § 100.1111(f).  Accordingly, we hold that the trial court properly applied the nepotism prohibition in rendering summary judgment in favor of the ADAE on its request for declaratory judgment relief, declaring that Salley, her husband, her daughter, and an aunt are not authorized to act as a quorum of the ADAE's board of directors.

Salley responds that an exception to the prohibition against nepotism applies in this case, which operates to place the Salley board in control of the ADAE.  She relies on section 100.1111(b), which provides that "[i]f each charter school . . . has received a satisfactory rating . . . for at least two of the preceding three school years, then that charter holder may comply with subsection (e) of this section in lieu of complying with § 100.1111-100.1116 of this division." 19 TEX. ADMIN. CODE § 100.1111(b).  Salley contends that, because Girls and Boys Prep received a satisfactory rating for two of the preceding three school years, she is not bound by the prohibition against nepotism contained in subsection (f).  We disagree. Section 100.1111(f) plainly provides that subsection (f) applies notwithstanding any other provision of section 100.1111.  *Id.* § 100.1111(f).  Subsection (b)'s exception for exemplary performance thus has no effect on subsection (f)'s application here.

## 3. Enforcement of Prohibition Against Nepotism

Citing the Administrative Code, Salley maintains that the trial court had no authority to remove members of the board. *See* 19 TEX. ADMIN. CODE § 100.1116. Alternatively, Salley contends that the trial court lacked authority to remove her and her family members from the ADAE's board of directors.

Salley relies on section 100.1116 of the Administrative Code to contend that the trial court lacked authority to remove her from the board. But section 100.1116 does not apply in this case. *See id.* § 100.1116. Salley and her family members may not serve as the ADAE's duly constituted board of directors because any quorum of the Salley board consists of family members within a prohibited degree of consanguinity or affinity. *See id.* § 100.1111(f). Section 100.1116 does not apply to violations under section 100.1111(f) of the Code. *Id.* § 100.1116 ("An individual who violates § 100.1114 . . . or § 100.1115(c) of this title . . . shall be removed from the individual's position by the charter holder.").

Salley seeks to perpetuate a board of directors, any quorum of which is statutorily prohibited; the trial court's order remedies the violation of the Code's provisions against nepotism. To the extent that Salley contends that she or her family members are part of the ADAE board, the Code does not preclude membership where a quorum of the board is not composed of relatives. The trial court, however, enjoined Salley and her family from participating on the ADAE

15

board of directors. Salley does not appeal that injunction. The declaration removing Salley from the ADAE board is cumulative of the injunctive relief from which Salley does not appeal. We affirm the injunction granting such relief as it was not challenged on appeal. *See Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (requiring appellant to attack all independent bases or grounds supporting challenged judgment). Because the language removing Salley from the board is superfluous, we modify the trial court's judgment accordingly.

### 4. Quasi-estoppel

The ADAE also moved for traditional summary judgment on the affirmative defense of quasi-estoppel. The ADAE maintained that Salley was estopped from seeking a declaration that the board consisted of her and her family members, because Salley had filed governance reports before the State Board of Education indicating that she was not a board member and had represented that she was not a board member when she claimed retirement benefits. Salley claims that the trial court erred in granting summary judgment on this basis, because the ADAE did not carry its summary judgment burden to conclusively establish each element of quasi-estoppel.

"Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Lopez v.*

16

*Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000). "The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." *Id.*

We need not reach whether the ADAE met its burden to prove the defense of quasi-estoppel in this case, because the trial court's order precludes the Salley board from forming the governing body of the ADAE as a matter of law. The declaratory judgment provides that Salley, her husband, her daughter, and an aunt may not serve together as the board of directors because any possible quorum is statutorily prohibited. This is the very board that Salley seeks to institute or perpetuate. And Salley has not appealed the trial court's injunction prohibiting her board members from attempting to participate as members of the ADAE board of directors. Because the Education Code prohibits the Salley board as she contends it is constituted, we need not consider the application of quasi-estoppel to Salley's counterclaim for a declaratory judgment.

**Conclusion**

We conclude that the trial court did not err in applying the Education Code's prohibition against nepotism to restrict Salley and her family members from serving as the ADAE's board of directors, because any quorum of her board is related within a prohibited degree of consanguinity or affinity. We delete the declaration removing the Salley board members from their positions on the ADAE board, but affirm the injunction granting such relief as it was not challenged on appeal. As modified, we affirm the summary judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Bland, Massengale and Brown.